# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

_____

| | |
|---|---|
| BRANDON SCOTT LAVERGNE | CIVIL ACTION NO. 14-2805-P |
| VERSUS | JUDGE DONALD E. WALTER |
| N. BURL CAIN | MAGISTRATE JUDGE KAY |

_____

## MEMORANDUM ORDER

Before the Court is a motion filed by the plaintiff, Brandon Scott Lavergne ("Lavergne"), entitled "Petition For Relief From Judgement Rule 60(b) and (d) FRCP." See Record Document 90. For the following reasons, Lavergne's motion is **DENIED**.

Lavergne pled guilty to two counts of first-degree murder and received concurrent sentences of life in prison at hard labor, without benefit of parole, probation, or suspension of sentence. On April 10, 2018, this Court, after considering Lavergne's objections, adopted the Report and Recommendation issued by Magistrate Judge Kathleen Kay and denied Lavergne's petition for writ of habeas corpus. See Record Document 86. The Court also denied a certificate of appealability. See id. Thereafter, on June 17, 2019, the Fifth Circuit also denied Lavergne's request for a certificate of appealability. See Record Document 88. Lavergne now requests relief pursuant to Federal Rule of Civil Procedure 60(b) and (d), suggesting that this Court "should set aside the judgement denying [] habeas corpus relief due to the fraud of both the Magistrate and State." Record Document 90 at 4. Notably, many of the arguments made in Lavergne's motion currently pending before the Court were made both in Lavergne's objections to the Report and Recommendation and in his arguments to the Fifth Circuit.

Lavergne relies upon Federal Rule of Civil Procedure 60(b), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> . . .
>
> (6) any other reason that justifies relief."

Fed. R. Civ. P. 60(b).

Lavergne has not shown fraud, misrepresentation, or misconduct by an opposing party as is required by Rule 60(b). Furthermore, he cannot rely on the provisions of Rule 60(b)(3) because motions made pursuant to that subsection "must be made . . . no more than a year after the entry of the judgment. . . ." Fed. R. Civ. P. 60(c)(1). The judgment adopting the Report and Recommendation was entered on April 26, 2018, and Lavergne filed the instant motion on September 19, 2019. Therefore, even if Lavergne were otherwise entitled to relief, which he is not, his motion would be untimely as to claims under this subsection.[1]

Although a motion pursuant to Rule 60(b)(3) must be filed within one year of the judgment, Rule 60(d)(3) functions as a savings clause, by allowing courts to "set aside a judgment for fraud on the court" without a strict time bar. However, the standard for "fraud on the court" is demanding: "[O]nly the most egregious misconduct, such as bribery of a judge or members of a

---

[1] Arguably, Lavergne could be asserting that his claim falls under Rule 60(b)(6), the "catch-all" provision that permits a court to relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) motions "will be granted only if extraordinary circumstances are present." Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002) (quoting Bailey v. Ryan Stevedoring Co., Inc., 894 F.2d 157, 160 (5th Cir. 1990)). Lavergne simply has not demonstrated the extraordinary circumstances required for relief under this subsection.

jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." Jackson v. Thaler, 348 F. App'x 29, 34 (5th Cir. 2009) (quoting Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir. 1978)). In the instant case, there simply was no fraud on the court. Lavergne has not shown that anyone hatched "an unconscionable plan or scheme . . . designed to improperly influence the court in its decision." Rozier, 573 F.2d at 1338 (quotation and citation omitted). "Fraud upon the court requires that there was a material subversion of the legal process such as could not have been exposed within the one-year window" provided by Rule 60(c). Apotex Corp. v. Merck & Co., 507 F.3d 1357, 1360 (Fed. Cir. 2007). In Lavergne's case, there was no material subversion of the legal process. Even if there had been material subversion of the legal process, the circumstances in this case would not have prevented its exposure for so long that Lavergne's only recourse was Rule 60(d)(3).

Accordingly;

**IT IS ORDERED** that Lavergne's motion (Record Document 90) is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 27th day of September, 2019.

*Donald E. Walter*
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE