UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| BRANDON SCOTT LAVERGNE | CIVIL ACTION NO. 14-2805-P |
| VERSUS | JUDGE DONALD E. WALTER |
| N. BURL CAIN | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a second motion filed by the plaintiff, Brandon Scott Lavergne ("Lavergne"), entitled "Motion For Relief From Final Judgement Rule 60(b)(6) and (d)(1)." See Record Document 107.[1]

In his current motion, Lavergne once again complains about his conditions of confinement, specifically his time in solitary confinement. This issue has been previously addressed by the Middle District of Louisiana following a motion filed by Lavergne in that court. See Lavergne v. McDonald, et al., No. 19-0709 (M.D. La. Nov. 23, 2020) (Record Documents 15 and 17). Lavergne currently complains in his instant motion, inter alia, that the Report and Recommendation that issued from this Court is in direct contradiction to the language contained in the ruling from the Middle District of Louisiana regarding his conditions of confinement. However, this is not the case. The language from the Report and Recommendation from this Court noted that "the sentence imposed by the state district court was for the term – life imprisonment without parole, the minimum required under Louisiana law for a first degree murder conviction"

---

[1] On September 27, 2019, Lavergne's previous motion for relief from judgment pursuant to Rule 60(b) and (d) was denied by this Court. See Record Document 91. Lavergne appealed. See Record Document 93. After a brief return to the district court to determine whether Lavergne illustrated excusable neglect or good cause for filing a late notice of appeal and whether Lavergne was entitled to a certificate of appealability, the matter was returned to the Fifth Circuit Court of Appeals, which denied Lavergne's request for a certificate of appealability, his motions for leave to supplement and amend, and motion for reconsideration.

and that "[t]he state district court made no requirement of solitary confinement in imposing the sentence." Record Document 84 at 12-13. This language is not inconsistent with the statements made by the ruling issued by the Middle District of Louisiana, wherein the provisions of the plea agreement were discussed as opposed to the sentence imposed by the state district court. See Lavergne v. McDonald, et al., No. 19-709 (M.D. La. Nov. 23, 2020) (Record Document 15 at 22-23).

More importantly, when Lavergne sought a certificate appealability from the Fifth Circuit Court of Appeals regarding the Report and Recommendation that was issued in the instant case in April of 2018 about which he complains, the Fifth Circuit noted that Lavergne "asserts that his sentence constitutes cruel and unusual punishment because he has been kept in solitary confinement since his conviction pursuant to a provision in his written plea agreement." Lavergne v. Vannoy, No. 18-30639 (5th Cir. June 17, 2019).[2] The Fifth Circuit then concluded that Lavergne did not make the requisite showing for a certificate of appealability and denied his request for such. See id. As the Fifth Circuit has considered the issue and denied his request for a certificate of appealability, this Court is bound by the effect of that determination. Accordingly, Lavergne's instant motion must be **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 8th day of March, 2021.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[2] This conclusion was also noted by the Middle District of Louisiana in a separate ruling regarding a section 1983 motion filed by Lavergne, complaining that his constitutional rights were violated due to the imposition of an illegal sentence and due to his classification resulting from the illegal sentence. See Lavergne v. Stutes, No. 17-1696 and 18-693, 2019 WL 4619963 at *3 (M.D. La. Sept. 10, 2019) ("On "June 17, 2019, the United States Court of Appeals for the Fifth Circuit denied the plaintiff a certificate of appealability regarding the legality of his sentence.").